### *In re* O'CONNOR'S ESTATE.

*(Surrogate's Court, New York County.    May 25, 1888.)*

EXECUTORS AND ADMINISTRATORS — PROBATE PRACTICE — SURROGATE'S CONTROL OVER
    SECURITIES IN EXECUTOR'S HANDS.
    Where it appears on an intermediate accounting by an executor that the securities belonging to the estate are not safe in the executor's hands, the surrogate will direct the executor to deposit them with a trust company, subject to the order of the court.

On motion to punish an executor for disobeying an order of a referee.

*W. C. Davidson*, special guardian of a *cestui que trust*, for the motion.
*James J. Brennan*, for the executor, opposed.

RANSOM, Surrogate.    On March 1, 1888, Thomas Brennan, executor and testamentary trustee, filed his account.    Exceptions thereto were filed by the special guardian of an infant *cestui que trust*, and the matter was referred to Jerome Buck, Esq.    Thereafter said executor appeared before the referee, and was examined.    He testified that he had a balance of $6,175.59 in his hands to the credit of the estate in United States bonds, which he is ready to hand over at any moment.    He subsequently testified that he had bought $7,500 worth of bonds with money belonging to the estate, whereupon the referee, at the request of the special guardian, directed him to produce said bonds at the next hearing.    The executor refused to produce said bonds on the grounds (in his own words) that this being an intermediate accounting only, and not the trial of an action or issue of fact or final accounting, he could be examined only as to the intermediate account, and not as to his bank-book, paper, or account and bonds; whereupon the referee adjudged him in contempt, and directed the special guardian to bring the matter before the surrogate.    This was done by an order to show cause returnable May 3d, at which time the default of the executor was taken, which was subsequently opened.    The

proceeding was placed upon the calendar, and submitted May 17th, at which time the executor was given until May 21st to file a brief. No brief having been submitted, I have taken up the matter on the papers before me.

The mere fact that the executor has refused to produce the bonds would excite my suspicion; but, in addition thereto, it appears from the affidavit of the special guardian that judgments are docketed against said executor, which, exclusive of interest, amount to nearly $3,000. The testimony taken before the referee shows that the executor did not know whether he had deposited the balance of the money belonging to the estate in a trust company, or had kept it. The executor says that he mixed it with his own funds. In view of all the facts, I feel that some action must be taken by me in the premises. I have the power, upon its being made to appear to me that securities belonging to an estate are not entirely safe or free from risk while remaining in the possession of an executor, to direct that such securities be deposited in a trust company, there to remain until the further order of this court. *Estate of Gilman*, 41 Hun, 561. I hold in this proceeding that the executor deposit the United States bonds, described in the affidavit of the special guardian, in the Mercantile Trust Company within three days from the date of the service of a copy of the order to be entered herein, and that the referee proceed on days to be fixed by him.

Let an order be presented accordingly.